GLENN V. WALKER v. CONTINENTAL BAKING COMPANY.
AND
G. B. BASS v. CONTINENTAL BAKING COMPANY.
AND
HARVEY D. LEWIS v. GLENN V. WALKER AND G. B. BASS.

(Filed 30 September, 1964.)

**Evidence § 55—**

Where a party has testified as to his version of the accident, an officer, who arrived at the scene some 15 or 20 minutes after the accident occurred, should be permitted to testify in corroboration that the party at that time made statements of the same import in regard to how the accident occurred, and the exclusion of the corroborative evidence is error.

APPEALS by Glenn V. Walker and G. B. Bass from *Mintz, J.,* June 1964 Civil Term of NEW HANOVER.

On June 12, 1963, there was a collision between a truck owned by G. B. Bass and a truck owned by Continental Baking Company. The Bass truck was driven by Glenn V. Walker; Continental's truck was driven by Harvey Lewis. Walker sued Continental, alleging personal injuries sustained in the collision caused by the negligence of Continental's driver, engaged in his employer's business. Bass sued Continental to recover damages he sustained as a result of the collision.

Continental denied the negligence alleged by Walker. It pleaded contributory negligence and, for affirmative relief, asserted a counterclaim

for damages to its truck. Continental, in the action brought by Bass, did not assert a counterclaim. It merely denied the alleged negligence of Lewis and asserted Walker's contributory negligence.

Lewis brought an action for personal injuries sustained by him in the collision.

The cases were consolidated for trial. The jury, on appropriate issues submitted to it, found that Lewis, Continental's driver, was not negligent; that Walker was contributorily negligent; and in Lewis' case, that Walker was negligent, that Lewis was not contributorily negligent, and fixed the amount of damages sustained by Continental and Lewis. Judgments were entered on the verdicts. Walker and Bass appealed.

*Hogue, Hill and Rowe, Addison Hewlett, Jr., for appellants.*
*James, James & Crossley for appellees.*

PER CURIAM. Walker alleged and testified in support of his allegations: The collision occurred about 1:00 p.m. He was traveling north on Highway No. 17, and in the eastern, his proper lane. He saw Continental's truck approaching. It was also in the eastern, the wrong lane. He blew his horn to alert Continental's driver. To avoid a collision, he, Walker, pulled to his right and on to the shoulder. Continental's driver was slumped over with his head on the steering wheel. Seeing he could not avoid a collision by going further to the right, he turned to his left, but was unable to avoid a collision, which occurred in his lane of travel.

Walker's description of the manner in which the collision occurred was corroborated by a witness who testified he was traveling north and immediately behind Walker.

Lewis testified. He told how the collision occurred. His version contradicted the statements made by Walker and his witness. He said he was in his proper lane and that the collision occurred because Walker came into Lewis' lane. Lewis, to support his version, put on two witnesses who testified they saw the collision. Their testimony with respect to the manner in which the collision occurred supported Lewis' version.

Walker's character, and the character of his witness, were attacked on cross examination by questions directed to their commission of criminal offenses.

Walker and Bass assign as error the court's refusal to permit them to corroborate Walker's testimony by the testimony of the Highway Patrolman who investigated the collision. He arrived at the scene fifteen or twenty minutes after the collision occurred. His testimony, not per-

mitted to go to the jury, was that Walker, at the scene of the collision, told him how the collision occurred and related the manner in which it occurred. The statements he attributed to Walker as to the cause of the collision were the same as given by Walker as a witness.

The patrolman's testimony was not offered as substantive evidence, but for the sole purpose of corroborating Walker. It was competent for that purpose. Stansbury's North Carolina Evidence (2d Ed.), sec. 51, and cases assembled in note 63. We are of the opinion that the exclusion of the evidence was prejudicial. *State v. Brown,* 249 N.C. 271, 106 S.E. 2d 232; *Jackson v. Sanitarium,* 234 N.C. 222, 67 S.E. 2d 57; *Roberts v. Roberts,* 82 N.C. 29.

New trial.